## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

W. B. Hall, Jr., et al.

v.

Virginia Marine Resources Commission

October 23, 1984

Case No. CH-5657

By JUDGE PHILIP L. RUSSO

The Court will not recite the facts since they do not seem to be in dispute.

The issues raised by the Petitioners are:

(1) Does this Court have jurisdiction over this matter?

(2) Was the decision to deny the permit supported by the evidence? Was it arbitrary and capricious?

(3) Will the decision to deny the permit adequately achieve the policy and standards of the Virginia Wetlands Act?

(4) Does the denial of the permit constitute a taking of property without just compensation?

Both sides seem to agree that this Court has jurisdiction of the case. Section 62.1-13.11, Code of Virginia, 1950, as amended, provides for a review of a decision of the Wetlands Board by the Virginia Marine Resources

Commission, and Section 62.1-13.15 of the Code provides that the Commission's decision may be appealed to the circuit court in accordance with the provisions of the Administrative Process Act. The law places the burden of showing an error of law on the one complaining of agency action.

The decided cases in regard to the review of agency decisions by a court stand for the proposition that an agency decision is presumed to be correct and the burden is on the claimant to show otherwise. A reviewing court is not to substitute its judgment for that of the agency insofar as the factual issues are concerned. They are presumed to be correct if supported by credible evidence.

The Court has carefully studied the entire file, the transcript of the hearing before the Wetlands Board, and the transcript of the hearing before the Virginia Marine Resources Commission, and is of the opinion that there is more than ample credible evidence to support the decision and that it was not arbitrary or capricious, nor was there an abuse of discretion.

The Court has also studied the law which was available on the subject and has concluded that the wetlands to be protected in a development need not be of "primary ecological significance," or at least need not be of the type which petitioners contend fits that phrase. A careful study of the Wetlands Act reveals that there is no definition for that term set forth therein. It appears to the Court that all groups have some value.

There are guidelines which rank all kinds and types of wetlands, but no type is declared to be of no value.

The Court is of the opinion that the Board's decision will adequately achieve the policy and standards of the Act.

Insofar as the argument that the denial of the permit constitutes a taking of property without just compensation is concerned, it seems to be the law that an owner of land has no unlimited or absolute right to change the natural character thereof for an unsuited purpose and which injures the rights of others. Limiting the use of private property to its natural uses in order to prevent harm to public rights is not an unreasonable exercise of the police power. There is ample evidence in the record to support the finding that the granting of the permit in question would injure the rights of others.

The Court is of the opinion that the decision to deny the permit was supported by the evidence, was not arbitrary or capricious, that it achieved the goals of the Wetlands Act, and it did not constitute an unconstitutional taking of property.